## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| JUAN E JAMES, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 5:15-cv-00266 |
| | : | |
| CEDRIC TAYLOR, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

## REPORT & RECOMMENDATION

Plaintiff Juan E. James, an inmate currently incarcerated at Valdosta State Prison ("VSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*., occurring during his incarceration at Baldwin State Prison ("BSP"). Because Plaintiff fails to state a claim against Defendant Taylor, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

### FACTS[1]

Plaintiff, a practicing Muslim, alleges that he was denied vegan meals that are prescribed by his religion during a Mental Health Evaluation at BSP. Doc. 8. According to Plaintiff, he informed Defendant Warden Cedric Taylor of his need for a vegan diet upon his arrival at BSP in March 2015 and again by letter dated April 16, 2015. Doc. 8, p. 2. Plaintiff alleges, however, that was forced to eat a regular prison diet.

---

[1] At this stage in the proceedings, the "facts" are based on the fact-based allegations contained in Plaintiff's pleadings and other filings. *See, e.g.*, *Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344–45 (11th Cir. 2007) (holding that, because pro-se pleadings are to be liberally construed, the court "should have considered . . . additional allegations [raised in an] objection as a motion to amend . . . and granted it"); *see also Waters v. Philbin*, Case No. 7:10-cv-105 (HL), 2011 WL 4043788 at *1 (M.D. Ga. Sept. 12, 2011) (discussing the "pro se leniency principle"). Moreover, for purposes of the Defendant's Motion to Dismiss at least, Plaintiff's fact-based allegations must be accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff further alleges that there were only two ways for an inmate to be placed on a vegan diet at BSP: (1) upon a medical doctor's prescription of a special diet; or (2) upon an inmate signing an "Inmate Alternative Entrée Meal Removal Form" through the chaplain. Doc. 8, p. 2. Plaintiff states that he "clearly never signed [the form] due to Plaintiff's religious beliefs." *Id.* As a result of Plaintiff being forced to eat a regular prison diet, Plaintiff states that he is "to start a hunger strike" and "will be placed in a suicide observation cell." *Id.* at 3.

Also in support of his complaint, Plaintiff also presents the following exhibits: (1) Warden Taylor's Response to Plaintiff's Grievance Number 193237 (Doc. 8-2, p. 1); (2) Plaintiff's original Grievance Number 193237 (Doc. 8-2, p. 2); (3) a selected excerpt from the Baldwin State Prison Inmate Handbook detailing the facility's meal policy (Doc. 8-3); (4) a copy of the Inmate Alternative Entrée Meal Removal Form (Doc. 8-4); (5) a copy of a letter to the Office of Inmate Affairs (Doc. 8-5); (6) an assignment letter (Doc. 8-6); and (7) a copy of Plaintiff's Offender Schedule noting a vegan profile as of November 13, 2014 (Doc. 8-7).

## AVAILABLE RELIEF

Plaintiff sues Defendant Taylor pursuant to two separate causes of action: one provided by RLUIPA[2] based on the Defendants' alleged violation of RLUIPA's substantive provisions,[3] and the other provided by Section 1983 based on the Defendant's alleged violation of Plaintiff's free-exercise rights under the First Amendment. *See GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1253 (11th Cir. 2012).

In terms of relief, although Plaintiff does not explicitly seek an order from the Court requiring the Defendant to serve him a vegan diet, he does request a declaration that his First and Eighth Amendment rights have been violated. Doc. 8, p. 4. He also seeks "substantial

---

2 42 U.S.C. § 2000cc–2(a)
3 42 U.S.C. § 2000cc–1(a)

compensatory damages" in the amount of $100,000.00 and any other relief the Court sees fit. *Id.*

As discussed below, Plaintiff cannot obtain any of the monetary relief he requests under RLUIPA. Nor may Plaintiff obtain the requested injunctive or declaratory relief under either RLUIPA or Section 1983. Further, although Plaintiff states that he is suing Defendant Taylor in his individual capacity, it is worth nothing that Plaintiff may not sue the Defendant, in his official capacity, for monetary damages under Section 1983. Therefore, in the instant action at least, the only form of relief potentially available to Plaintiff is monetary or nominal damages obtained from the Defendant, in his individual capacity, under Section 1983.

Monetary Damages under RLUIPA

Binding Supreme Court and Eleventh Circuit case law prevents Plaintiff from obtaining monetary damages under RLUIPA. In *Sossamon v. Texas*, 131 S.Ct. 1651, 1663 (2001), the Supreme Court "conclude[d] that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA." Because a suit against state officials, in their official capacities, is in fact a suit against the State itself, *see, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), Plaintiff may not sue the Defendant, in his official capacity, for monetary damages under RLUIPA.

Nor may Plaintiff sue the Defendant, in his individual capacity, for monetary damages under RLUIPA. Binding Eleventh Circuit case law holds that RLUIPA "cannot be construed as creating a private action against individual defendants for monetary damages." *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) (abrogated on other grounds). *Accord Aziyz v. Tremble*, 2008 WL 282738 at *4 (M.D. Ga. 2008). In light of these binding legal authorities, therefore, the only remedies possibly available to Plaintiff under RLUIPA are declaratory and injunctive relief.

<u>Declaratory and Injunctive Relief under both RLUIPA and Section 1983</u>

The injunctive and declaratory relief analysis is the same for both Plaintiff's RLUIPA and his Section 1983 causes of action. In both cases, "[t]he general rule in [this] circuit is that a transfer . . . from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith*, 502 F.3d at 1267 (citing *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)).

In this case, it is clear that Plaintiff's requests for injunctive and declaratory relief with regard to his ability to eat vegan food at Baldwin State Prison are moot. Furthermore, Plaintiff is now housed at an entirely different prison, Valdosta State Prison, and Plaintiff has not provided any fact-based allegations suggesting that officials at Valdosta State Prison hinder his ability to eat vegan food now. Because injunctive relief is "a prospective remedy, intended to prevent future injuries," *Smith* 502 F.3d at 1267, and because there is no indication in the record that Plaintiff will suffer any future harm with regard to his ability to eat vegan food, there is no basis for this Court to grant Plaintiff's requests for injunctive and declaratory relief.

<u>Monetary & Nominal Damages under Section 1983</u>

State officers acting in their official capacities are not "persons" under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff may not recover monetary damages from the Defendant, in his official capacity, under Section 1983.

Plaintiff may seek damages from the Defendant, in his individual capacity, under Section 1983. As the Defendant notes, however, the Prison Litigation Reform Act ("PLRA") limits the type of monetary relief available to Plaintiff. Doc. 18-1, p. 12. Specifically, Plaintiff may only potentially recover nominal damages[4] based on his allegations of mental and emotional suffering (Doc. 8, p. 4), because (i) the PLRA requires a prior showing of physical injury, *see* 42 U.S.C. § 1997e(e); and because (ii) the record does not contain sufficient fact-based allegations suggesting

---

4 *See Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011).

that Plaintiff suffered from a "more than *de minimis*" injury. *See, e.g.*, *Williams v. Allen*, No. 7:13-cv-86 (HL), 2014 WL 2547804 at \*1 (M.D.Ga June 5, 2014) (concluding that allegations of hunger and weight loss similar to those alleged by Plaintiff were *de minimis*).

## DISCUSSION

Because nominal damages are potentially available to Plaintiff, should he prevail on his claims against the Defendant in his individual capacity, the Court must assess the merits of Plaintiff's Free-Exercise claims filed under Section 1983. The Supreme Court's decision in *Turner v. Safley*, 482 U.S. 78 (1987), provides the relevant standard. *Turner* directs courts to employ a deferential "reasonableness" test in order to determine whether prison regulations which allegedly impinge upon inmates' constitutional rights are (1) "reasonably related to legitimate penological interests." 482 U.S. at 89. *Turner* also directs courts to determine: (2) "whether alternative means are open to inmates to exercise the asserted right;" (3) "what impact an accommodation of the right would have on guards and inmates and prison resources;" and (4) "whether there are ready alternatives to the regulation." *Overton v. Bazzetta,* 539 U.S. 126, 136 (2003).

Courts, generally, have found that to deny an inmate food that satisfies the dictates of their religion unconstitutionally burdens their right to free exercise of their faith.[5] This acknowledged principle, however, does not mean that in making dietary accommodations, governmental interests

---

5 See e.g. *Ford v. McGinnis*, 352 F.3d 582, 597 (2d Cir. 2003) (holding that prisoners have a "clearly established" right "to a diet consistent with [their] religious scruples"); *DeHart v. Horn*, 227 F.3d 47 (3d Cir. 2000) (finding that Buddhist plaintiff whose request for a vegetarian diet was denied because vegetarianism was not an absolute requirement of Buddhism had stated a free exercise claim, and remanding for further factual findings regarding the existence of countervailing penological interests); *Love v. Reed*, 216 F.3d 682 (8th Cir. 2000) (holding that denial of inmate's request for bread and peanut butter so that he could prepare his Sunday meals in his cell on Saturday—thereby avoiding preparing food, or benefitting from the preparation of food by others, on the Sabbath—violated prisoner's free exercise rights); *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205 (10th Cir. 1999) (holding that prison officials' failure to accommodate inmate's meal requirements during Ramadan violated his free exercise rights); *Bass v. Coughlin*, 976 F.2d 98, 99 (2d Cir.1992) (per curiam) (reaffirming *Kahane v. Carlson*, 527 F.2d 492, 495 (2d Cir.1975) (finding that Orthodox Jewish inmate had right to provision of kosher meals)); *Harris v. Ostrout*, 65 F.3d 912, 918, n. 5 (11th Cir.1995) (observing that the plaintiff's allegation of inadequate diet was a valid constitutional claim; and in doing so, noting that the Court earlier had granted prisoners a limited right to receive a religious diet, in its opinion in *Martinelli v. Dugger*, 817 F.2d 1499, 1505–06 (11th Cir.1987), *cert. denied*, 484 U.S. 1012 (1988)).

including significant administrative concerns or monetary costs are not to be considered. In the context of a First Amendment religious dietary claim by an inmate, governmental interests to be balanced against the prisoner's First Amendment right may include: (1) running a simplified food service, rather than one that gives rise to many administrative difficulties, see: *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir.1993); *Kahey v. Jones*, 836 F.2d 948, 950–51 (5th Cir.1988) (full kosher diet not required, where administratively unfeasible); and (2) avoidance of excessive administrative expense and prison budget overruns, *Ward v. Walsh*, *supra* 1 F.3d at 877; *Salaam v. Collins*, 830 F.Supp. 853, 859–861 (D.Md.1993) (cost of providing pork-free diet and lacto-ovo-vegetarian diet would be *de minimis*, but cost of providing Muslims ritually slaughtered meat would be substantial); see also: *Martinelli v. Dugger*, 817 F.2d 1499, 1507 n. 29 (11th Cir. 1987) (case decided same day as *Turner*, using pre-*Turner* analysis).

Plaintiff's allegations do not show that Defendant Taylor violated Plaintiff's First Amendment Rights. It is clear from Plaintiff's complaint that Warden Taylor holds a supervisory position at BSP. The record does not reveal that Taylor was personally involved in the process of gathering information and processing (granting/denying) diet requests by the plaintiff. Quite the opposite, Plaintiff's complaint and supporting evidence show that Plaintiff could receive vegan meals by order of a doctor or with the completion of the Entrée form to the chaplain, but Plaintiff stated that he "clearly never signed [the form] due to Plaintiff's religious beliefs." Doc. 8, p. 2. Moreover, his presentation of a grievance regarding the denial of his vegan food, which was denied by the Warden, does not form a basis for Section 1983 liability. It has long been established that public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. *Robertson v. Sichel*, 127 U.S. 507 (1888); *Jasinski v. Adams*, 781 F.2d 843 (11th Cir. 1986); *Byrd v. Clark*, 783 F.2d 1002, 1008 (11th Cir. 1986); *Fundiller v. City of Cooper*

*City*, 777 F.2d 1436 (11th Cir. 1985). Nor can liability be predicated solely upon the doctrine of *respondeat superior* in a § 1983 action. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Vineyard v. County of Murray, Georgia*, 990 F.2d 1207 (11th Cir.1993). In the absence of personal participation, Defendant Taylor cannot be held liable for a First Amendment violation.

In addition, Plaintiff cannot proceed on a claim that Taylor failed to act favorably on his grievance. The Constitution does not entitle inmates or pre-trail detainees in state or federal facilities to grievance procedures. See *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam). Even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause. *Id.* If the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a Section 1983 claim. *Id.* When the claim underlying the administrative grievance involves a constitutional right, "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Id.* (quoting and citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). Thus, Plaintiff fails to state a claim for violation of his First Amendment rights against Defendant Taylor and his Complaint should be **DISMISSED**.

CONCLUSION

Because Plaintiff fails to state a claim against Defendant Taylor, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 22nd day of March, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge